# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MARTINEZ-ALONZO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-956-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio Martinez-Alonzo appeals the within-guidelines, 46-month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50764

We review the substantive reasonableness of the sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Martinez-Alonzo's arguments fail to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court, who was "in a superior position to find facts and judge their import under § 3553(a)," acknowledged Martinez-Alonzo's mitigating arguments but concluded that a sentence at the bottom of the guidelines range was appropriate in light of his criminal history. *Campos-Maldonado*, 531 F.3d at 339. We have rejected the argument that § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily render a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, as Martinez-Alonzo concedes, his argument that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.